IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | DOCKET NO. 3:19-CR-00452-X |
| | § | |
| BRIAN CARPENTER | § | |

### DEFENDANT'S MOTION FOR NOTICE OF GOVERNMENT'S INTENT TO USE EVIDENCE WITH BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant, Brian Carpenter, by and through his counsel of record, and respectfully submits this Motion for Notice of Government's Intent to Use Evidence with Brief in Support pursuant to Fed. R. Crim. P. 12(b)(4), and in support thereof would show the Court as follows:

### I. MOTION

The defendant respectfully requests that the Court, pursuant to Fed. R. Crim. P. 12(b)(4), order the Government to provide the defense with notice of the Government's intention to use any evidence at trial that is discoverable under Fed. R. Crim. P. 16. The defendant further moves the Court to order the Government to provide the defendant with notice of any and all such other evidence that the Government intends to introduce at trial, so that the defendant can evaluate whether such proposed evidence may be subject to legal objection by a motion to suppress or other motion.

### II. BRIEF

Fed. R. Crim. P. 12(b)(4) "provides a mechanism for [e]nsuring that a defendant knows of the government's intention to use evidence to which the defendant may want to object. On some occasions the resolution of the admissibility issue prior to trial may be advantageous to the

government. In these situations, the attorney for the government can make effective defendant's obligation to make his motion to suppress prior to trial by giving defendant notice of the government's intention to use certain evidence." Advisory Committee Note to 1975 Amendment of Rule 12(d) [the predecessor to Rule 12(b)(4)].

The express purpose of the rule is to afford the defense an opportunity to move to suppress evidence by giving advance notice prior to trial of the evidence the Government plans to introduce. Wright and Leipold, *Federal Practice and Procedure*, Criminal 4th, § 195, p. 451; *United States v. de la Cruz-Pauline*, 61 F.3d 986, 994 (1st Cir. 1995). And while Rule 16 is intended to prescribe the *minimum* amount of discovery to which the parties are entitled, it is not intended to limit the court's "inherent power" to order discovery that goes beyond what Rule 16 authorizes. *United States v. Nobles*, 422 U.S. 225, 231 (1975); Advisory Committee Note to 1975 Amendments to Rule 16; Wright and Henning, *Federal Practice and Procedure*, Criminal 4th, § 254, p. 124. The Fifth Circuit has specifically noted that in a criminal case it is within the sound discretion of the district court to make any discovery order that is not barred by higher authority. *United States v. Campagnuolo*, 592 F.2d. 852, 857 n.2 (5th Cir. 1979).

Accordingly, this Court has the authority to order disclosure of evidence by the Government of a scope greater than that provided by Rule 16. Indeed, such disclosure would facilitate possible negotiations and the efficient progress of a trial. In order for the defendant to determine whether a motion to suppress evidence lies or whether any other objection to proposed evidence ought to be made, it is necessary for the Government to identify what evidence, acquired at what locations or through what sources, it intends to rely on in its case-in-chief. To that end, the Government should be directed to identify which documents, and particularly which seized items, it will actually offer at trial.

WHEREFORE, PREMISES CONSIDERED, the defendant prays that this Honorable Court order the Government to give the defendant notice of the evidence that it reasonably anticipates using in trial, no later than thirty days prior to trial.

Respectfully submitted,

 /s/ Daniel K. Hagood, P.C.

**DANIEL K. HAGOOD, P.C.**
Texas Bar No. 08698300
2515 McKinney Avenue
Chateau Plaza, Suite 940
Dallas, Texas 75201
214.720.4040 telephone
214.237.0905 facsimile
dhagood@sorrelshagood.com

**ROBERT T. JARVIS**
Texas Bar No. 10586500
Jarvis & Hamilton Law Firm
123 West Houston Street
Sherman, TX 75090
903-892-8500 telephone
903-892-8550 facsimile
bob@jarvishamilton.com

**ALEXANDRA HUNT**
Texas Bar No. 24095711
2515 McKinney Avenue
Chateau Plaza, Suite 940
Dallas, Texas 75201
214.720.4040 telephone
214.237.0905 facsimile
ahunt@sorrelshagood.com

COUNSEL FOR DEFENDANT CARPENTER

**CERTIFICATE OF CONFERENCE**

I hereby certify that I have attempted to confer with USDOJ Trial Attorney Brynn Schiess regarding the foregoing motion, but have not yet been able to do so. Accordingly, the foregoing motion is submitted on the presumption that she is opposed to the filing of same. I further certify that I have conferred with counsel of record for Defendant Hawrylak regarding the foregoing motion and that he is unopposed to the filing of same.

      /s/ Daniel K. Hagood
      DANIEL K. HAGOOD, P.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of December, 2019, a true and correct copy of the foregoing motion was filed with the Clerk of the Court for the United States District Court, Northern District of Texas using the electronic case filing system, which provides for service upon all counsel of record.

      /s/ Daniel K. Hagood
      DANIEL K. HAGOOD, P.C.