## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | DOCKET NO. 3:19-CR-00452-X |
| | § | |
| BRIAN CARPENTER | § | |

**DEFENDANT'S MOTION FOR PRETRIAL NOTICE OF OTHER CRIMES, WRONGS, OR ACTS WHICH THE GOVERNMENT INTENDS TO MENTION, ALLUDE TO, OR OFFER AS EVIDENCE DURING TRIAL WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant, Brian Carpenter, by and through his counsel of record, and respectfully submits this Motion for Pretrial Notice of Other Crimes, Wrongs, or Acts Which the Government Intends to Mention, Allude To, or Offer as Evidence During Trial with Brief in Support and respectfully moves this Court to order the Government to provide notice, by a date certain, in advance of trial, of: (i) any other crime, wrong, or purported bad act allegedly committed by the Defendant, if any, which the Government intends to mention, allude to, or offer as evidence during the trial of this cause under Fed. R. Evid. 404(b), and (ii) the purpose for which any such other crime, wrong, or purported bad act will be offered. In support of this Motion the Defendant states the following:

### I. Applicable Evidentiary Rules

Rule 401, Fed. R. Evid. Provides:

> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

> (b) the fact is of consequence in determining the action.

Rule 402, Fed. R. Evid. provides:

> Relevant evidence is admissible unless [the U.S. Constitution, a federal statute, these rules, or other rules prescribed by the Supreme Court] provides otherwise [and] Irrelevant evidence is not admissible.

Rule 403, Fed. R. Evid. states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Rule 404(a)(1), Fed. R. Evid. provides:

> Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.[1]

Rule 404(b) Fed. R. Evid. provides:

> (1)   Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

> (2)   This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident [provided the prosecution provides reasonable notice of same upon request].

## II.   Applicable Case Law

The law in the area of extrinsic acts is extensive. The admission at trial of other crimes or misconduct risks substantial prejudice to the defendant. *Old Chief v. United States*, 519 U.S. 172 (1997); *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Therefore, as a threshold matter, for extrinsic acts to be relevant to an issue other than character, they must be shown to be (1) offenses (2) which are similar to the charged offense. *United States v. Guerrero*, 650 F.2d 728, 733 (5th Cir. 1981) (conviction reversed due to prejudicial effect of the erroneously admitted evidence, stating "relevancy under *Beechum* is a function of the degree of similarity between the

extrinsic act and the offenses charged"); *United States v. Gutierrez-Mendez,* 752 F.3d 418 422-24 (5th Cir. 2014) (admission of "other bad acts evidence" was error because there was insufficient evidence that the claimed bad act actually occurred).

Notwithstanding the above, under *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 920 (1979), the Court must engage in a two-part test to determine the admissibility of extrinsic evidence. First, the Court must determine that the extrinsic offense evidence is relevant to an issue other than the defendant's character, *i.e.*, motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice or any of the other Rule 403 factors: danger of confusion, misleading the jury, undue delay, waste of time, needless presentation of cumulative evidence. *United States v. Hays*, 872 F.2d 582, 587 (5th Cir. 1989) (stating Rule 403 requires "a balancing of interests to determine whether logically relevant evidence is also legally relevant").

Nonetheless, a determination of the probative value of proffered evidence is by no means a determination of its relevance under Rule 401 and therefore its admissibility. *See, e.g., United States v. Jackson*, 339 F.3d 349, 356 (5th Cir. 2003) (conviction reversed due to prejudicial effect of erroneous admission of a prior state conviction and the defendant's parole status, noting the difference between Rule 401 relevance and Rule 403 probative value); *Williams v. New York*, 337 U.S. 241, 247 (1949) (Evidence must be "strictly relevant to the particular offense charged."). The Fifth Circuit has recognized that improper admission of evidence may constitute a violation of due process under the United States Constitution. In *United States v. Hays*, 872 F.2d 582, 587 (5th Cir. 1989), the Fifth Circuit reasoned that its "review of erroneous evidentiary rulings in criminal trials is necessarily heightened. . . . The admission of irrelevant facts that have a prejudicial tendency is

fatal to a conviction, even though there was sufficient relevant evidence to sustain the verdict. While we realize that it is indeed a rare case that is reversed on the basis of erroneous evidentiary rulings under Fed. R. Evid. 401 and 403, we nevertheless emphasize that we are bound to zealously guard against emasculation of the important protections that those rules afford the defendants in criminal cases." (Citations omitted.)

### III. Relief Requested

In light of the above, the Defendant respectfully requests that the Court order the Government to provide notice to the Defendant of any other purported crime or bad act and the purpose for which it will mention or proffer such act in reliance upon Rule 404(b), not later than thirty days in advance of trial. *See United States v. Baker*, A-13-CR-346-SS, 2014 WL 722097, at *4 (W.D. Tex. Feb. 21, 2014) (Government was "to disclose any 404(b) evidence thirty days before trial, which will provide Defendants with 'reasonable notice' as required by the rule. Fed. R. Evid. 404(b)(2)(A)."). Notice must be provided well in advance of trial because the defense must be able to prepare, investigate, and make appropriate searches for data as it continues to process discovery in this case. Any further delay in the notice would be unduly burdensome. As well, a thirty day advance notice will enable the Defendant to comply with its deadlines for filing motions in limine.

### IV. Prayer

WHEREFORE, PREMISES CONSIDERED, for the foregoing reasons, the Defendant respectfully requests that the Court grant this Motion for Notice of Evidence of Other Crimes, Wrongs, or Acts; and that the Court order the Government to comply with this Motion no later than thirty days in advance of trial.

Respectfully submitted,


 */s/ Daniel K. Hagood, P.C.*

**DANIEL K. HAGOOD, P.C.**
Texas Bar No. 08698300
2515 McKinney Avenue
Chateau Plaza, Suite 940
Dallas, Texas 75201
214.720.4040 telephone
214.237.0905 facsimile
dhagood@sorrelshagood.com

**ROBERT T. JARVIS**
Texas Bar No. 10586500
Jarvis & Hamilton Law Firm
123 West Houston Street
Sherman, TX 75090
903-892-8500 telephone
903-892-8550 facsimile
bob@jarvishamilton.com

**ALEXANDRA HUNT**
Texas Bar No. 24095711
2515 McKinney Avenue
Chateau Plaza, Suite 940
Dallas, Texas 75201
214.720.4040 telephone
214.237.0905 facsimile
ahunt@sorrelshagood.com

COUNSEL FOR DEFENDANT CARPENTER

Defendant's Motion for Pretrial Notice of Other Crimes, Wrongs, or Acts Which the Government
Intends to Mention, Allude to, or Offer as Evidence During Trial with Brief in Support
Page 5 of 6

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that I have attempted to confer with USDOJ Trial Attorney Brynn Schiess regarding the foregoing motion, but have not yet been able to do so. Accordingly, the foregoing motion is submitted on the presumption that she is opposed to the filing of same. I further certify that I have conferred with counsel of record for Defendant Hawrylak regarding the foregoing motion and that he is unopposed to the filing of same.

 /s/ Daniel K. Hagood          
DANIEL K. HAGOOD, P.C.


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th day of December, 2019, a true and correct copy of the foregoing motion was filed with the Clerk of the Court for the United States District Court, Northern District of Texas using the electronic case filing system, which provides for service upon all counsel of record.

 /s/ Daniel K. Hagood          
DANIEL K. HAGOOD, P.C.