IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:19-CR-452-X |
| BRIAN CARPENTER (01) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT BRIAN CARPENTER'S MOTION FOR DISCLOSURE REGARDING THE GOVERNMENT'S "FILTER TEAM" AND THIRD PARTY VENDORS INVOLVED IN DISCOVERY REVIEW AND PRODUCTION**

The United States of America (the "government"), by and through the undersigned counsel, files this response to Defendant Brian Carpenter's Motion for Disclosure Regarding the Government's "Filter Team" and Third Party Vendors Involved in Discovery Review and Production.  (Dkt. 44.)  The motion should be denied for the following reasons.

Carpenter seeks an order directing the government to produce information regarding the composition of its privilege filter team and third party vendors.  First, as an initial matter, no defendant in this case has raised any assertion of attorney-client privilege, work product protection, or other legally recognized privilege.  The government's filter team was implemented solely in response to other *non-party* assertions of privilege.  Accordingly, no defendant in this case has any standing to challenge either the filter team's implementation or protocols.  Nevertheless, the request for this information is beyond the Government's obligations under Federal Rules of Criminal Procedure 12(d)(2), 16, 26.2, 18 U.S.C. § 3500 (the Jencks Act), 18 U.S.C. §

2510, 2518(9), *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1973) and their progeny.

Second, even if either defendant in this case had standing to challenge the filter team's implementation or protocols, the Fifth Circuit has discussed the use of taint or filter teams without criticism, and District courts within the Fifth Circuit have expressly approved of the use of taint teams.  *See United States v. Search of Law Office, Residence, & Storage Unit Alan Brown*, 341 F.3d 404, 407-09 (5th Cir. 2003); *In re Ingram*, 915 F. Supp. 2d 761, 763 (E.D. La. 2012); *In re Search Warrant Executed on March 22, 2016*, 2016 WL 3002358, 2016 U.S. Dist. LEXIS 73026, at *20-21 (S.D. Tex. May 20, 2016); *In re 5444 Westheimer Rd. Suite 1570*, No. H-06-238, 2006 WL 1881370, 2006 U.S. Dist. LEXIS 48850, at *10 (S.D. Tex. May 4, 2006).  Other circuits have also approved of the use of taint teams.  *United States v. Coffman*, 574 F. App'x 541 (6th Cir. 2014) (rejecting defendant's claim that filter procedure violated due process where independent team reviewed seized materials and categorized as privileged, possibly privileged, and not privileged); *United States v. Simels*, 654 F.3d 161, 166 (2d Cir. 2011) (noting presence of "fire wall" favorably).

Finally, Carpenter's motion cites no authority and provides no reasoning or basis for these requests and appears to be a fishing expedition into the deliberative process used by the Government in selecting and composing the filter team.  For these reasons, Carpenter's motion should be denied.

(CONTINUED ON THE NEXT PAGE)

TANYA PIERCE
ATTORNEY FOR THE UNITED STATES,
ACTING UNDER AUTHORITY
CONFERRED BY 28 U.S.C. § 515

*/s/ Brynn A. Schiess*
Brynn A. Schiess
Trial Attorney
Fraud Section, Criminal Division
Department of Justice
1100 Commerce, Suite 300
Dallas, Texas 75242
Telephone: 202-374-3484
Brynn.schiess@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2020, I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the Northern District of Texas using the electronic filing system of the Court. The electronic case filing system will send a notice of filing to all the attorneys of record who have consented to such service.

*/s/ Brynn A. Schiess*
Brynn A. Schiess
Trial Attorney