IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:19-CR-452-X |
| BRIAN CARPENTER (01)<br>JERRY HAWRYLAK (02) | |

JOINT MOTION TO CONTINUE TRIAL

For the reasons that follow, Defendants Brian Carpenter and Jerry Hawrylak file this unopposed joint motion to continue their trial and any pretrial deadlines until at least January 18, 2021:

**Factual Background**

The Defendants were indicted in a multi-count healthcare fraud indictment on or about September 11, 2019, and their trial is currently scheduled for August 10, 2020. To date, the government has produced eight rounds of discovery in this case totaling over 2.2 terabytes of data. The discovery contains more than 3.4 million Bates numbered documents. The government has recently informed the Defendants that additional discovery is still being reviewed by the government's filter team to determine whether it contains privileged information. A disclosure date has yet to be determined.

In March 2020, the world became paralyzed by the novel virus COVID-19, with the World Health Organization officially classifying COVID-19 as a pandemic on March

11, 2020.[1] Shortly thereafter, on March 13, 2020, Governor Greg Abbott declared a State of Emergency in Texas. Since that time, countless and increasingly drastic protective measures have been taken including closing schools, limiting gatherings of 10 or more persons, postponing jury trials and other court settings, banning all in-restaurant dining and closing all bars in many counties, and implementing shelter-in-place policies across a vast segment of the nation's population. In the last couple of weeks these restrictions are incrementally being lifted.  However, the number of positive COVID-19 cases continue to rise in some areas suggesting that this pandemic may continue for quite some time.[2] As of June 11, 2020, Fox News reports that there are approximately 2,003,930 confirmed cases of COVID-19 in the United States and at least 113,038 confirmed deaths.[3]

Trials in the Northern District of Texas were suspended because of COVID-19 by special order on March 18, 2020 by Chief Judge Barbara M.G. Lynn. Between June 1 – 3, 2020, Judge Lynn conducted the first criminal jury trial in Texas, and perhaps the nation since the pandemic paralyzed our country. In an interview following the trial, Judge Lynn stated:

> I think courts are going to have to consider the extraordinary exhaustion of resources to have a trial under these conditions. I used three courtrooms. We spent significant money purchasing supplies, and it will become more

---

[1] *WHO Characterizes COVID-19 as a Pandemic*, WORLD HEALTH ORGANIZATION (Mar. 11, 2020), https://bit.ly/2W8dwpS.

[2] *Dallas County reports 300 new coronavirus cases, another record single-day increase,* https://www.dallasnews.com/news/public-health/2020/06/10/dallas-county-reports-300-new-coronavirus-cases-another-record-single-day-increase/ (last accessed June 11, 2020).

[3] Graph on Fox News.com with the source of the information being WHO, CDC, ECDC, and NHC (last accessed June 11, 2020).

**Joint Motion to Continue Trial**
Page 2 of 6

and more challenging when we have a trial, with multiple defendants, multiple counts, and greater length.[4]

On May 29, 2020, Carpenter filed an unopposed motion seeking to have the Federal Public Defender ("FPD") appointed to serve as the discovery coordinator in this case. The purpose of having FPD serve as the discovery coordinator was to allow the defendants to utilize their Summation database to filter and search through the millions of documents provided by the government. On June 8, 2020, the Court granted Carpenter's motion, and the parties are in the process of providing a copy of the discovery to FPD so it can be uploaded into Summation.

Based upon the voluminous discovery in this case, combined with the COVID-19 pandemic, the defendants seek a continuance until at least January 18, 2021.

## Legal Authority

The Speedy Trial Act provides that a defendant's trial "shall commence within seventy days" from when the indictment is first made public or from the date the defendant first appears before a judge on the charges, whichever date occurs last. 18 U.S.C. § 3161(c)(1). However, a court can grant either party a continuance and exclude any period of delay from the Speed Trial Act timeframe provided the court finds that the "ends of justice [are] served by the granting of such [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). One of the factors the court can consider for granting such a continuance is whether

---

[4] Morris, Angela, *Chief Judge Barbara Lynn Reflects on Pros, Cons, of First Jury Trial Amid COVID-19* (https://www.law.com/texaslawyer/2020/06/09/chief-judge-barbara-lynn-reflects-on-pros-cons-of-first-jury-trial-amid-covid-19/)

counsel for the defendant needs additional time to effectively prepare for the case. 18 U.S.C. § 3161(h)(7)(B)(iv).

Undersigned counsel has exercised a great amount of diligence in this matter; however, the discovery is just too voluminous to sufficiently comb through before the August 10 trial date, much less investigate any issues that may be found in the discovery. In addition, both defendants and/or their attorneys have health conditions that place them at greater risk for serious illness or death should they contract COVID-19.

The Defendants believe that if the Court would grant a continuance until at least January 18, 2021, the Defendants will have sufficient time to review the discovery and locate any witnesses needed to defend their case. Hopefully, this additional time will allow society to heal from the COVID-19 pandemic and make it easier for this Court to conduct a document intensive multi-defendant white-collar fraud trial. Therefore, the Defendants respectfully requests a continuance until at least January 18, 2021.

[NOTHING FURTHER ON THIS PAGE]

## Conclusion

The defendant requests that the Court grant this motion based on the foregoing.

Respectfully submitted,

/s/ *Brian D. Poe*
BRIAN D. POE
Texas Bar No. 24056908
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone:   817-870-2022
Facsimile:    817-977-6501
Email: bpoe@bpoelaw.com

ATTORNEY FOR JERRY HAWRLAK

/s/ *Robert T. Jarvis*
ROBERT T. JARVIS
Texas Bar No. 10586500
123 W. Houston Street
Sherman, Texas 75090
Telephone: 903-892-8500
Facsimile: 903-892-8550
Email: bob@jarvishamilton.com

Daniel K. Hagood, P.C.
Texas Bar No. 08698300
2515 McKinney Avenue, Suite 940
Dallas, Texas 75201
Telephone: 214-720-4040
Facsimile: 214-237-0905
Email: dhagood@sorrelshagood.com

Alexandra Hunt
Texas Bar No. 24095711
2515 McKinney Avenue, Suite 940
Dallas, Texas 75201
Telephone: 214-720-4040
Facsimile: 214-237-0905
Email: ahunt@sorrelshagood.com

ATTORNEYS FOR BRIAN CARPENTER

## CERTIFICATE OF CONFERENCE

I also certify that I have conferenced with U.S. Department of Justice Trial Attorney Brynn Schiess regarding this motion and Ms. Schiess is not opposed a continuance of the trial and any pretrial related deadlines. However, Ms. Schiess stated that the government was unwilling to agree to a 2021 trial date because the government prefers a trial date in the fall.

*/s/ Brian D. Poe*
BRIAN D. POE

## CERTIFICATE OF SERVICE

I certify that on January 17, 2020, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys who have consented in writing to accept this Notice as service of this document.

*/s/ Brian D. Poe*
BRIAN D. POE