**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | DOCKET NO. 3:19-CR-00452-X |
| | § | |
| BRIAN CARPENTER (01) | § | |
| JERRY HAWRYLAK (02) | § | |

**DEFENDANTS' UNOPPOSED JOINT MOTION TO CONTINUE TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the Defendants, Brian Carpenter and Jerry Hawrylak, by and through their counsel of record, and respectfully submit this Unopposed Joint Motion to Continue Trial and in support thereof would should show the Court as follows:

**I.
BACKGROUND**

On July 23, 2020, the Court issued an Order granting the Defendants' Joint Unopposed Motion to Continue Trial (Doc. No. 63) and resetting the trial in this matter from August 10, 2020 to December 7, 2020, on the grounds that the ends of justice which would be served by granting the continuance outweighed the interests of the public and the defendants in a speedy trial. *See* Order Granting Joint Motion to Continue Trial (Doc. No. 64). Specifically, the Court determined that "Counsel need[ed] additional time to review additional discovery" and that the existing trial date would have denied counsel the "reasonable time necessary for effective preparation of the defense." *See id.* At the time of filing of the Defendants' Joint Motion to Continue Trial (Doc. No. 63), the discovery evidence at issue consisted of eight rounds of production from the Government, totaling approximately 2.2 TB of data and roughly 3,400,000 pages of bates stamped documents. As discussed in greater detail below, there have since been significant additional productions,

which, in addition to several serious health concerns, compel the defense to seek the relief requested herein.

## II.
## SIGNIFICANT ADDITIONAL DISCOVERY

Since the entry of the Court's Order resetting the trial in this matter for December 7, 2020, the Government has continued to make subsequent productions of discovery evidence, the latest of which was received by the undersigned counsel as recently as September 15, 2020. Moreover, these recent productions (specifically productions 9-12) contain substantial amounts of data which have drastically increased the total amount of discovery evidence in this case. These four most recent productions, alone, totaled approximately 1.04 TB of additional data and roughly 1,935,701 additional bates stamped pages – representing an increase in the total amount of discovery evidence of approximately 50%.

Furthermore, while the Public Defender's Office has been diligently (and graciously) working to process and upload these twelve very sizeable discovery productions, that process has proved more time-intensive than even the Public Defender's Office originally anticipated. For instance, with respect to the largest of the productions to date (Production 3B), Mr. Brett Welaj (Computer Systems Administrator for the Public Defender's Office who routinely handles the uploading of discovery evidence to Summation), reported that this was the largest single load file that he has ever come across – so large, in fact, that Summation was unable to process the entire file at once. Due to these challenges, it was not until October 5, 2020 that the uploading of the original eight rounds of production to Summation was completed. As of the filing of the instant motion, productions 9-12 have still yet to be uploaded.

Finally, in addition to the significant amount of new discovery evidence received since the Court's July 23, 2020 Order (as well as the logistical challenges that have accompanied said

evidence), it is the understanding of the undersigned counsel that there is still additional discovery evidence outstanding, which has not yet been produced due to delays in the filter team review process. Given the sheer volume of the discovery evidence produced to date in this case (much of which was only received within the past month and a half), the Defendants respectfully submit that a continuance is necessary in order to allow their counsel to effectively prepare the defense.

## III.
## IMPLICATIONS OF COVID-19

In addition to the unusually voluminous discovery evidence in this case, the effects of COVID-19 constitute yet another complicating factor. Not only do the effects of COVID-19 hamper the undersigned counsel's ability to effectively prepare the defense in this matter, but they also render it nearly, *if not completely*, impossible to conduct an in-person jury trial on December 7, 2020 without seriously jeopardizing the public health and safety. While it is certainly true that no one is immune from the serious health risk posed by COVID-19, it is equally clear that certain categories of individuals face an even higher risk due to their particular characteristics, such as underlying health conditions and/or advanced age. Importantly, both the Defendants fall within one or more of these particularly high-risk categories.

In fact, the seriousness of the health risks that would be posed by holding such proceedings in person has been plainly acknowledged by the courts, as reflected in Chief Judge Lynn's Second Amended Special Order 13-9 (issued on September 15, 2020), which extends the permissible use of video-conferencing for various types of criminal proceedings for an additional 90 days (through December 15, 2020), in light of her determination that such proceedings cannot be held in person "without seriously jeopardizing public health and safety." Second Amended Special Order 13-9.

Given that the current trial setting falls within the time frame covered by the aforementioned Special Order, combined with the fact that criminal jury trials are not one of the

types of proceedings authorized to be held via video-conferencing, it becomes clear that a continuance of the current trial setting is necessary in order to avoid placing the Court, the veniremen, the witnesses, the Defendants, the undersigned counsel, and potentially others, at serious risk of contracting COVID-19. Particularly where the Defendants, one with serious underlying health conditions (Defendant Carpenter) and one who is of advanced age (Defendant Hawrylak), each fall within at least one of the particularly vulnerable "high-risk" groups, the seriousness of the danger that would be posed by an in-person jury trial on December 7, 2020 cannot be overstated.

## IV.
## DR. CARPENTER'S MEDICAL CONDITION

Even aside from the ongoing risks associated with COVID-19, there is an additional factor that must be taken into consideration with respect to Dr. Carpenter, in particular. Namely, Dr. Carpenter is currently suffering from serious medical issues which, despite becoming increasingly debilitating, are proving difficult to diagnose. Dr. Carpenter has, for some time, been having seizures which arise completely without warning and often cause him to lose consciousness for a brief period of time (as well as lead to other incidental injuries, such as from falling as a result of losing consciousness and/or muscle control). Both the severity and the unpredictability of these attacks are severe enough that Dr. Carpenter has been unable to drive for over a year now.

Along with these worsening seizures, Dr. Carpenter has also been experiencing noted cognitive decline and impaired memory. Dr. Carpenter has seen multiple neurologists and undergone numerous examinations in an effort to find an effective treatment for each of these symptoms; however, his physicians have so far remained unable to diagnose the cause of either one. As part of their continuing diagnostic efforts, Dr. Carpenter's neurologists have scheduled him to undergo a comprehensive inpatient neurological evaluation within the Epilepsy Monitoring

Unit at UT Southwestern Medical Center. Dr. Carpenter is scheduled to be admitted to begin this evaluation on December 16, 2020, which is expected to last for at least 5-7 days, but possibly for as long as 10 days. Throughout the duration of his inpatient stay, Dr. Carpenter will have a total of thirty electrodes attached to his head at all times and will be monitored 24 hours per day throughout audio and visual surveillance in order to try and identify the cause of his seizures.

In addition to the neurological symptoms, Dr. Carpenter is also being evaluated and treated for cardiological issues. These symptoms are likewise quite serious, recently proving severe enough to warrant substantial medical intervention – namely, the insertion of a pacemaker device – which is scheduled to occur on November 6, 2020.

As a result of these serious and ongoing medical issues, it would not be reasonably possible for Dr. Carpenter to attend a full jury trial, much less be able to "assist properly in his own defense." 18 U.S.C. § 4241(a). Dr. Carpenter typically endures approximately 2-4 seizures per week, rendering it nearly impossible for him to be able to make it through an entire jury trial without suffering from multiple seizure episodes. Additionally, the cognitive decline and memory issues further exacerbate his inability to assist in his own defense, given his decreased ability to recall relevant past events (*i.e.* during the time frame of the alleged offense conduct) or even matters which occurred recently, such as discussions with the undersigned counsel regarding the preparation of his defense.

While each of these conditions pose serious challenges on their own, the combination of both the physical limitations caused by the seizures and the mental limitations caused by the cognitive decline is substantially detrimental and is currently preventing Dr. Carpenter from being able to properly assist in his own defense. Furthermore, these significant underlying conditions also greatly amplify the magnitude of the health risk posed to him by COVID-19. In light of these

unique circumstances, Dr. Carpenter respectfully submits that a continuance is necessary in order to allow him to undergo further diagnostic studies and evaluations, with the goal of identifying the underlying cause, and thereby enabling his physicians to prescribe a successful treatment plan.

**V.**
**<u>CONCLUSION</u>**

For each of the foregoing reasons, the Defendants respectfully request that the Court issue an Order continuing the trial setting in the instant matter until at least June 7, 2021. Such a continuance is sought not for purposes of delay, but so that justice may be served. Given the significant amounts of discovery evidence at issue in this case, as well as the substantial limitations imposed by both COVID-19 and by Dr. Carpenter's specific health problems, the requested continuance is necessary in order to allow the undersigned counsel to effectively prepare the defense, as well as to mitigate the very serious health risks posed by an in-person jury trial during the current state of affairs. Furthermore, the ends of justice which would be served by granting the requested continuance outweigh the best interests of the public and the Defendants in a speedy trial, thereby permitting the exclusion of the resulting delay from the calculation of the Speedy Trial Act timeframe. *See* 18 U.S.C. § 3161(h)(7)(A).

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully request that the instant Motion be, in all things, granted, and that the trial in this case be continued until at least June 7, 2021.

Respectfully submitted,

/s/ Brian D. Poe                                   /s/ Daniel K. Hagood, P.C.

**BRIAN D. POE**                                   **DANIEL K. HAGOOD, P.C.**
Texas Bar No. 24056908                             Texas Bar No. 08698300
909 Throckmorton Street                            2515 McKinney Avenue
The Bryce Building                                 Chateau Plaza, Suite 940
Fort Worth, Texas 76102                            Dallas, Texas 75201
817.870.2022 telephone                             214.720.4040 telephone
817.977.6501 facsimile                             214.237.0905 facsimile
bpoe@bpoelaw.com                                   dhagood@sorrelshagood.com

**COUNSEL FOR DEFENDANT**                          **ROBERT T. JARVIS**
**HAWRYLAK**                                       Texas Bar No. 10586500
                                                   Jarvis & Hamilton Law Firm
                                                   123 West Houston Street
                                                   Sherman, TX 75090
                                                   903-892-8500 telephone
                                                   903-892-8550 facsimile
                                                   bob@jarvishamilton.com

                                                   **ALEXANDRA HUNT**
                                                   Texas Bar No. 24095711
                                                   2515 McKinney Avenue
                                                   Chateau Plaza, Suite 940
                                                   Dallas, Texas 75201
                                                   214.720.4040 telephone
                                                   214.237.0905 facsimile
                                                   ahunt@sorrelshagood.com

                                                   **COUNSEL FOR DEFENDANT**
                                                   **CARPENTER**

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on this, the 19th day of October, 2020, counsel for the Defendants has conferred with counsel for the Government, USDOJ Trial Attorney Brynn Schiess, regarding the foregoing motion and that she is unopposed to the relief requested herein. I further certify that I have conferred with Mr. Brian D. Poe, counsel of record for Defendant Hawrylak regarding the foregoing motion and that he joins in the filing of the same.

*/s/ Daniel K. Hagood*
DANIEL K. HAGOOD, P.C.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this, the 19th day of October, 2020, a true and correct copy of the foregoing motion was filed with the Clerk of the Court for the United States District Court, Northern District of Texas using the electronic case filing system, which provides for service upon all counsel of record.

*/s/ Daniel K. Hagood*
DANIEL K. HAGOOD, P.C.