IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRIAN CARPENTER (1)<br>JERRY HAWRYLAK (2) | No. 3:19-CR-452-X |

### DEFENDANTS' UNOPPOSED MOTION TO CONTINUE TRIAL

For the reasons that follow, the defendants Brian Carpenter and Jerry Hawrylak respectfully request that their trial and any pretrial deadlines be continued until May 2022:

### Factual Background

The defendants were indicted in a multi-count healthcare fraud indictment on or about September 11, 2019, and their trial is currently scheduled for June 7, 2021. This case is a "spin-off" from a much larger healthcare fraud indictment (hereinafter referred to as "the RXpress case") pending before U.S. District Judge Karen Gren Scholer. *See United States v. Richard Hall et al* (3:18-CR-623-S). The RXpress case is currently scheduled for trial on November 1, 2021.

On October 19, 2020, the Court was made aware that Dr. Brian Carpenter was suffering from some serious medical issues, including frequent debilitating seizures. Dkt. No. 65. These seizures arise completely without warning and often cause Dr. Carpenter to lose consciousness for brief periods of time (as well as lead to other incidental injuries, such as from falling as a result of losing consciousness and/or muscle control). An

additional side-affect to the seizures has been impaired memory and noted cognitive decline. For months, Dr. Carpenter has been under the close care of multiple physicians in order to determine the cause and to prevent the reoccurrence of these seizures.

To date, Dr. Carpenter's doctors have been unable to determine what is causing his seizures. While the frequency of the seizures has decreased, Dr. Carpenter continues to suffer from substantial memory problems and has difficulty speaking clearly. At this time, Dr. Carpenter does not have the ability to sit and concentrate through one day of trial, much less the week or two that would be needed in this case.

To date, the government has made 18 separate discovery productions totaling roughly 5,500,000 pages of bates stamped documents. Due to Dr. Carpenter's debilitating medical issues, he has been unable to assist his attorneys in reviewing any meaningful amount of discovery and has been unable to assist his counsel in preparing his defense.

## Legal Authority

The Speedy Trial Act provides that a defendant's trial "shall commence within seventy days" from when the indictment is first made public or from the date the defendant first appears before a judge on the charges, whichever date occurs last. 18 U.S.C. § 3161(c)(1). However, a court can grant either party a continuance and exclude any period of delay from the Speed Trial Act timeframe provided the court finds that the "ends of justice [are] served by the granting of such [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). One of the factors the court can consider for granting such a continuance is whether

counsel for the defendant needs additional time to effectively prepare for the case. 18 U.S.C. § 3161(h)(7)(B)(iv).

Undersigned counsel has exercised a great amount of diligence in this matter; however, the discovery is just too voluminous to sufficiently comb through before the June 7 trial date, much less investigate any issues that may be found in the discovery. In addition, Dr. Carpenter's medical issues have rendered him incapable of assisting his counsel in preparing his defense.  Dr. Carpenter's medical condition has improved slightly over the past couple of months, and his counsel is optimistic that in a few months he will be able to finally assist his attorneys with preparing his defense.

An additional factor the Court can consider for granting a continuance is whether failure to grant a continuance would result in a miscarriage of justice.  18 U.S.C. § 3161(h)(7)(B)(i).  This Court is well aware of the dangers surrounding COVID-19.  Since a vaccine has begun to be distributed to the general public, more and more of society is reopening and attempting to get back to business as usual.  However, the few courts that have attempted to conduct jury trials during this pandemic have found the juror response rate to be much lower than it was pre-pandemic.[1]  When certain demographics fail to appear for jury service, the jury panels then fail to resemble a fair cross section of the community.   In addition, both defendants and/or their attorneys have health conditions that place them at greater risk for serious illness or death should they contract COVID-

---

[1] Fair Cross-Section Concerns Potentially Impacting Pandemic Jury Trials | The Legal Intelligencer (law.com) (last accessed March 31, 2021); Is It Safe to Go to Court During COVID Pandemic? I-Team Finds Out – NBC Los Angeles (last accessed March 31, 2021); Jury duty? No thanks, say many, forcing trials to be delayed (apnews.com) (last accessed March 31, 2021); Pandemic injustice? US trials suspended as people refuse jury duty - CSMonitor.com (last accessed March 31, 2021);

**Defendants' Unopposed Motion to Continue Trial**
**Page 3 of 6**

19. To push forward with a trial at this point would result in a miscarriage of justice as jurors and the parties would be more concerned with their own health than facts and legal issues being presented in court.

Lastly, a continuance to at least May 2022 would likely preserve precious judicial resources as the courts attempt to recover from the backlog of cases that COVID-19 has created. As previously mentioned, this case is a spin-off of the RXpress case that is set for trial in November 2021 before Judge Scholer.[2] It is anticipated that some of the witnesses and evidence in this case will be presented in the RXpress case. In addition, the defendants anticipate that the RXpress defendants may present the same or similar defenses as the defendants in this case intend to present. As a result, seeing how a jury reacts to the evidence and/or witnesses' testimony during the RXpress trial may likely assist the parties in this case in reaching a resolution; therefore, this Court would avoid having to allocate judicial resources for a lengthy trial.

## Conclusion

The defendants believe that continuing this trial past the RXpress trial may likely save the Court from having to conduct a lengthy document intensive multi-defendant white-collar fraud trial during the COVID-19 pandemic. A continuance will allow society to heal from COVID-19 and allow our court system to get back to normal. In addition, the requested continuance will allow for Dr. Carpenter's health to improve to the point that he is sufficiently able to assist in his defense. Based on the foregoing, the

---

[2] Counsel has spoken with the Assistant United States Attorney who is handling both this case and the RXpress matter, and has been informed that it is anticipated that the RXpress case will be continued into early 2022.

defendants respectfully request that the Court continue their trial and any pretrial deadlines until May 2022.

                Respectfully submitted,

*/s/ Brian D. Poe*
BRIAN D. POE
Texas Bar No. 24056908
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone:   817-870-2022
Facsimile:    817-977-6501
Email: bpoe@bpoelaw.com

ATTORNEY FOR JERRY HAWRLAK

*/s/ Robert T. Jarvis*
ROBERT T. JARVIS
Texas Bar No. 10586500
123 W. Houston Street
Sherman, Texas 75090
Telephone: 903-892-8500
Facsimile: 903-892-8550
Email:  bob@jarvishamilton.com

Daniel K. Hagood, P.C.
Texas Bar No. 08698300
2515 McKinney Avenue, Suite 940
Dallas, Texas 75201
Telephone:  214-720-4040
Facsimile:   214-237-0905
Email:  dhagood@sorrelshagood.com

Alexandra Hunt
Texas Bar No. 24095711
2515 McKinney Avenue, Suite 940
Dallas, Texas 75201
Telephone:  214-720-4040
Facsimile:   214-237-0905
Email:  ahunt@sorrelshagood.com

ATTORNEYS FOR BRIAN CARPENTER

CERTIFICATE OF CONFERENCE

    I certify that I have conference with Department of Justice Trial Attorney Brynn Schiess regarding this motion, and Ms. Schiess has stated that the government is unopposed.

                                           */s/ Brian D. Poe*
                                           BRIAN D. POE

CERTIFICATE OF SERVICE

    I certify that on April 2, 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys who have consented in writing to accept this Notice as service of this document.

                                           */s/ Brian D. Poe*
                                           BRIAN D. POE